This was a Writ of Error awarded to a judgment of the Superior Court of Law for Augusta county. The Plaintiff in Error was indicted for the felonious highway robbery of a grey mare, of the goods .and chattels of Henry M’Gill. The Indictment did not conclude contra formam statuti. During the trial, the prisoner’s Counsel excepted to an *188 opinion of the Court: “The prisoner had introduced evidence for the purpose of proving' his general good character previous to the date of the transaction charged against him. The Counsel for the Commonwealth then called a witness to impeach the general-character of the prisoner, and enquired of him, what he had learned of the general character of the prisoner, previous to the date of the transaction aforesaid, by conversation had since the said date, with persons acquainted with the prisoner. The Counsel for-the prisoner objected to the enquiry, and contended, that the witness had no right to speak of any information of the prisoner’s *character, which he the witness had acquired since the date aforesaid : but the Court over-ruled the objection, being of opinion that the general character of the prisoner previous to the date of the present charge, might be proved, although a knowledge of such character had been obtained by the witness since the date of the present charge. The witness thereupon stated to the jury, that in conversation with sundry persons since said date, he heard the character of the prisoner spoken of as having been bad before the said date.” That opinion of the Court was excepted to. The jury rendered a verdict as follows : “We of the jury find the prisoner guilty, and do ascertain the term of his confinement in the Public Jail and Penitentiary to five years ; and we further find, that the property of which Henry M’Gill was robbed, is forthcoming, and restored to the owner.” The prisoner was accordingly sentenced.
In his petition for a Writ or Error, he assigned the following errors: 1. That the Indictment aforesaid is defective, as proceeding under the Penitentiary Statute, inasmuch as it does not appear upon the face of the Indictment, that the proceeding is under the Statute; the Indictment concluding as a Common Eaw Indictment, not' contra formam statuti, but simply against the peace, &c.
2. That the Judge upon the trial admitted illegal evidence of character, as will appear by the bill of exceptions.
3. That the verdict is uncertain, in not saying of what offence the prisoner is guilty; whether of highway robbery, or only of the larceny.
4. That the judgment of Penitentiary confinement, a Statutory penalty, is not warranted by an Indictment for a Common Eaw robbery.
The Court entered the following judgment:
“ This Court is unanimously of opinion, that there is error in this, that the Superior Court of Augusta admitted testimony, as to the character of the prisoner, which was illegal, because the witness, who did not appear himself to be acquainted with the general character of the prisoner, was permitted to give in evidence, a conversation with others as to his character, since the commencement of the Prosecution.” The judgment was therefore reversed, and a new trial awarded. The other errors assigned, were not noticed.